UNITED STATES DISTRICT
COURT DISTRICT OF
CONNECTICUT

DOCTOR'S ASSOCIATES INC.     :

        Plaintiff                 :     Case No.:

                                     :

v.                                     :

                                       :

GIRUM ALEMAYEHU           :

        Defendant            :     February 15, 2018

## PETITION TO COMPEL ARBITRATION

1.     This is an action to compel arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

2.     Plaintiff, Doctor's Associates Inc. ("DAI"), the franchisor of Subway® sandwich shops in the United States, is a Florida corporation with its principal place of business in Connecticut.

3.     Upon information and belief, Defendant Alemayehu ("Alemayehu") is a resident and citizen of Colorado.

4.     This Court has diversity jurisdiction under 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

1

5.      Venue is proper under 28 U.S.C. § 1391(a)(3) because, under 9 U.S.C. § 4, this is the only district court that can compel arbitration in Connecticut. Alemayehu also agreed to the jurisdiction of this Court because, among other reasons, he agreed to arbitrate in Connecticut.

6.      On or about February 15, 2017, Alemayehu filled out and signed a Franchise Application, requesting that DAI consider his qualifications to become a Subway® store owner. *See* Franchise Application, attached hereto as Exhibit A.

7.      The Franchise Application contains a dispute resolution clause requiring the parties to arbitrate "any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for the grant of a Subway franchise from [DAI]." Exhibit A, page 2 as received and maintained by DAI.

8.      The arbitration must be in accordance with the Commercial Rules of either the American Arbitration Association ("AAA") or the American Dispute Resolution Center ("ADRC") and is to take place in Bridgeport, Connecticut. *Id.* *Both* the AAA and ADRC rules specifically grant the arbitrator the authority to determine the scope, existence, and validity of the arbitration clause. *See* AAA Commercial Rule 7; ADRC Commercial Rule 4.

9.      On or about January 26, 2018, Alemayehu filed a Complaint and Jury Demand in the United States District Court, District of Colorado. That matter is captioned *Alemayehu v. Gemignani, et al.*, No. 1:18-cv-00212 (D. Colo.) (the "Colorado Lawsuit"). In that filing, Alemayehu asserts that his application for a Subway® franchise was denied by DAI's development agents in Southern Colorado due to his race. He claims that DAI is responsible for the actions of the development agents and the development agents' employees and that DAI engaged in its own wrongful conduct. Based on these facts, Alemayehu claims for, amongst other things, violation of 42 U.S.C. § 1981 (racial discrimination in the making of a contract), tortious interference with

2

prospective business advantages, extreme and outrageous conduct, deceit based on fraud, violations of the Colorado Consumer Protection Act, breach of the implied covenant of good faith and fair dealing, and civil conspiracy. A copy of the filing is attached as Exhibit B.

10.     Alemayehu's filing of the Colorado Lawsuit violated the arbitration provision of the Franchise Application, in that Alemayehu is required to arbitrate any disputes or controversies arising out of or relating to the application or candidacy for the grant of a Subway franchise from the Franchisor.

11.     More specifically, Alemayehu asserts that Development Agent John Marshall, DA office staff member Connie Gemignani and Clear Stone Development, Inc (collectively "DA") refused to approve his Subway® franchise application because he is an immigrant from Ethiopia. He alleges that this wrongful conducted prevented him from purchasing a Subway® restaurant located at 15220 East Cliff Avenue in Aurora, Colorado for $120,000.  He claims that DAI is vicariously liable for the actions of that the DA and that DAI engaged in its own wrongful behavior.

12.     All of Alemayehu's allegations involve either purported actions against DAI or purported actions against the DA acting in the course of the agency with DAI, relating to his candidacy for a Subway® franchise. Accordingly, all his claims arise out of or relate to his candidacy for a Subway® franchise and clearly fall within the broad scope of the Franchise Application's arbitration clause.

13.     By seeking to raise or assert claims or otherwise compel DAI and the DA to participate in litigation relating to the alleged conduct on, Alemayehu has wrongfully failed, neglected, and/or refused to arbitrate and has violated the Franchise Application.

14.     Accordingly, DAI requests that this Court enter an order pursuant to 9 U.S.C. § 4 directing Alemayehu to arbitrate with DAI his claims against both DAI and its agents, in the manner provided by the Franchise Application.

15.     Moreover, if Alemayehu argues that his claims in the Colorado Lawsuit fall outside the scope of the arbitration clause or that the arbitration clause is not enforceable, that is not a reason to deny this Petition. As explained above, the Parties have delegated questions about the scope of the arbitration clause to the arbitrator. Thus, Alemayehu must raise issues regarding the scope of the arbitration clause with the arbitrator after the Court has ordered this dispute to be arbitrated.

16.     DAI further puts Alemayehu on notice that, if he continues to pursue any claims or defenses relating to DAI's conduct or alleged conduct of the DA in the Colorado Lawsuit or otherwise except in arbitration, it reserves its right to ask the Court to enter an injunction restraining his wrongful conduct.

**PLAINTIFF**
**DOCTOR'S ASSOCIATES INC.**


By: */s/Melissa Durso*
Melissa Durso (ct30018)
Franchise World Headquarters
325 Sub Way
Milford, Connecticut 06461
800-888-4848 ext. 1543
203-783-7543 fax
durso_m@subway.com

John M. Doroghazi (ct028033)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 fax

4

_____ jdoroghazi@wiggin.com

*Its Attorneys*